**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HUNTLEIGH SECURITIES CORPORATION, a Missouri corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.  16-1573 |
| GIORGIO BUCCI, an individual, | ) ) ) |
| Serve:  1804 Woodmark Rd. St. Louis, MO 63131 | ) ) ) ) |
| and | ) ) |
| FRANCESCA GIACOMOZZI BUCCI, an individual, | ) ) ) |
| Serve:  VIA FILANDA VECCHIA 101 48018, FAENZA RA, Italy | ) ) ) ) |
| and | ) ) |
| CARLO BUCCI, an individual, | ) ) |
| Serve:  Riva Paradiso 4A 6900 Paradiso Ticino Ticino 6900 Switzerland | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT TO INTERPLEAD FUNDS**

COMES NOW, Plaintiff Huntleigh Securities Corporation ("Huntleigh"), by and through its attorneys, and for its Complaint to Interplead Funds against Defendants Carlo Bucci ("Carlo"), Giogio Bucci ("Giogio") and Francesca Giacomozzi Bucci ("Francesca"), respectfully states as follows:

## The Parties

1. Plaintiff Huntleigh is a Missouri corporation and a registered securities broker/dealer with its principal place of business in St. Louis County, Missouri.

2. Upon information and belief, Defendant Giorgio Bucci is a resident of Missouri.

3. Upon information and belief, Defendant Francesca Giacomozzi Bucci is a resident of Italy.

4. Upon information and belief, Defendant Carlo Bucci is a resident of Switzerland.

## Jurisdiction and Venue

5. As Defendants Giorgio, Francesca, and Carlo are diverse from one another and the assets in the subject account exceed $500, this Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335. Further, Fed. R. Civ. P. 22(a)(1) provides "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."

6. As at least one of the Defendants, Giorgio Bucci, resides in the Eastern Division of the Eastern District of Missouri, venue is proper pursuant 28 U.S.C. § 1397 and E.D.Mo. L.R. 2.07.

## Factual Background

7. Huntleigh currently maintains an account registered to Carlo Bucci, Account No. XXXX-9564[1] (the "Subject Account").

8. Upon information and belief, Carlo Bucci is Giorgio Bucci's father.

9. Carlo Bucci opened the Subject Account on or about June 29, 2016. *See* Huntleigh Securities Account Opening Documents, attached hereto and incorporated fully herein

---

[1] The complete account number for the Subject Account has been redacted for privacy purposes.

2

as Exhibit A. That same day, Huntleigh and Carlo Bucci entered into an Account Agreement. *See* Account Agreement attached hereto and incorporated fully herein as Exhibit B.

10. The Account Agreement governs the rights and duties of the respective parties relating to the Subject Account, and requires Carlo's written, signed instruction before funds can be withdrawn or otherwise distributed from the account. Exhibit B.

11. As a result, Huntleigh Securities is bound to execute transactions in the Subject Account only as instructed by Carlo Bucci. Acting without such authorization exposes Huntleigh Securities to possible legal action by its client for a breach of contract or other causes of action.

12. Giorgio and Francesca are currently parties to divorce proceedings in the Family Court of St. Louis County, Case No. 14SL-DR06142. Upon information and belief, that matter involves competing claims to certain assets in the Subject Account and there are conditions precedent to the payment obligations owed by Giorgio.

13. Huntleigh is not a party to that divorce case, Case No. 14SL-DR06142.

14. Giorgio and Francesca, who were married in March 2005, petitioned to dissolve the marriage, representing that "the marriage is irretrievably broken." *See* Petition for Dissolution of Marriage at ¶ 11, attached hereto as Exhibit C.

15. On or about September 14, 2016, the divorce court entered a Judgment of Dissolution of Marriage, attached hereto and incorporated fully herein as Exhibit D.

16. The divorce court appears to order Giorgio to pay Francesca $2,150,000.00. *See* entry dated September 14, 2016 reflected on the online Case.Net docket of the St. Louis County Circuit Court, attached hereto and incorporated fully herein as Exhibit E ("Husband shall pay to wife the sum of $2,150,000.00 as a division of property.").

17. Subsequent to the court's Judgment on Dissolution of Marriage, counsel for Francesca Bucci contacted Huntleigh, demanding that funds from the account be released to Francesca and her counsel's law firm. This included a threat to seek sanctions against Huntleigh. *See* e-mail correspondence from Ms. Susan Roach, counsel for Francesca, to Rick Eisen, counsel for Giorgio, and Chris O'Connell, dated September 29, 2016, attached hereto and incorporated fully herein as Exhibit F.

18. In opposition to the demands of Francesca Bucci and her counsel, Giorgio Bucci and his counsel claim that there are conditions precedent to his payment obligations that have not been met. Specifically, Giorgio, who has custody of the couple's two minor children, asserts that Francesca is required to turn over the children's passports. Francesca, however, has traveled with the passports to Italy. *See* email correspondence from Rick Eisen to Edwin Roussin and Susan Roach dated September 29, 2016, attached hereto and incorporated fully herein as Exhibit G.

19. In opposition to the demands of Francesca Bucci and her counsel, Carlo Bucci has not instructed and/or has refused to instruct Huntleigh to distribute funds to Francesca, which is required by the Account Agreement. Accordingly, Huntleigh is not authorized to fulfill the demands of Francesca Bucci and her counsel.

20. On September 30, 2016, Giorgio Bucci filed a Motion to Compel Compliance with Judgment of Dissolution of Marriage in the divorce court matter, seeking to compel Francesca to turn over the minor children's passports. This motion is scheduled for hearing on October 7, 2016. *See* Motion to Compel, attached hereto and incorporated fully herein as Exhibit H.

21. Currently, the total amount of assets in dispute are estimated to total $1,480,000 because Carlo instructed Huntleigh to distribute $20,000 to William P Grant on or about

September 28, 2016 and also instructed Huntleigh to distribute $650,000 to Francesca Bucci on or about September 30, 2016. *See* Letters of Authorization for Transfer of Funds to William Grant and Francesca Bucci, attached hereto and incorporated fully herein as <u>Exhibit I</u> and <u>Exhibit J</u>, respectively.

22. As can be seen, Carlo, Giorgio and/or Francesca disagree on the timing and conditions of a transfer of assets totaling $1,480,000 to an escrow account in Francesca's name.

23. Based on the above, Huntleigh alleges that a present controversy exists between Georgio, Francesca, and/or Carlo Bucci regarding the assets in the Subject Account.

24. Because of the competing and conflicting claims of Carlo Bucci, Giorgio, and Francesca, Huntleigh is unable to determine which party is entitled to the assets held in the Subject Account and cannot distribute the $1,480,000 of assets without potentially being exposed to double or multiple liability.

25. Huntleigh has no interest in the assets held in the Subject Account, is merely a stakeholder, and is not required to make a legal determination as to the rights of Carlo, Giorgio, and Francesca.

26. Huntleigh is not filing this Complaint in collusion with any of the Defendants, but is filing this Complaint in good faith for the sole purpose of being released from the danger of being held liable for disbursing or not disbursing the assets the Defendants are competing for, which are currently held in the Subject Account.

27. To avoid injury from the competing and conflicting claims of Defendants, Huntleigh requests an Order requiring either (1) that Huntleigh restrict assets valued at an amount equal to $1,480,000 or (2) Huntleigh  deposit the specified amount of assets in the

Subject Account into the registry of the Court and dismissing it from this action.  Then, the Court may make a determination regarding the status of such assets.

28.     Huntleigh stands ready, willing, and able to deliver the specified amount of assets in the Subject Account, subject to any outstanding fees, charges and offsetting liabilities that the parties agreed to pay Huntleigh, with this Court so that the competing claims can be determined.

29.     Pursuant to 28 U.S.C. § 2361, Huntleigh also seeks an Order enjoining Giorgio, Francesca, and/or Carlo Bucci from naming Huntleigh as a party in any other state or federal lawsuit relating to the assets in the Subject Account including, but not limited to, St. Louis County Case No: 14-SL-DR06142.

30.     Finally, Huntleigh requests an award from the assets that Defendants are competing for in an amount equal to the attorneys' fees and costs it has incurred in connection with this action.  See e.g., Northwest Sav. Bank v. Rate Search, Inc., Case No. 4:10-CV-00665 AGF, 2010 U.S. Dist. LEXIS 99650 at *7 (E.D. Mo. Sept. 22, 2010) ("Attorney's fees and costs are properly awarded upon discharge of an [sic] disinterested stakeholder in an interpleader action.").

WHEREFORE, Huntleigh prays that this Court:

A.      Order Huntleigh to liquidate assets equate to $1,480,000 from the Subject Account and deposit the proceeds into the Court's registry within ten (10) days of the date of entry of an Order directing such deposit, in the form and manner as may be directed by this Court;

B.      Alternatively, order Huntleigh to transfer assets equal to $1,480,000 from the Subject Account to another account that shall remain restricted until further Order of this Court;

  C. order that upon deposit or restriction of said assets, Huntleigh be released and discharged from any and all claims and liability to Defendants Giorgio, Carlo, and Francesca with respect to such assets;

  D. order that upon deposit of said assets into the Court, Huntleigh be dismissed from the action as it has no interest in the interpleaded funds;

  E. order that Defendants Giorgio, Francesca, and Carlo be enjoined from naming Huntleigh as a party in any other state or federal lawsuit relating to the assets in the Subject Account including, but not limited to, St. Louis County Family Court Case No. 14SL-DR06142;

  F. order that Huntleigh be granted an award from the subject assets in an amount equal to its attorneys' fees and costs; and

  G. order such other and further relief as this Court deems just and proper.

Dated:  October 4, 2016         Respectfully submitted,

               GREENSFELDER, HEMKER & GALE, P.C.

               By: /s/   Kevin McLaughlin
                 Kevin McLaughlin, 44212MO
                 *ktm@greensfelder.com*
                 Donald D. McBride II, #59107MO
                 *ddm@greensfelder.com*
                 10 S. Broadway, Suite 2000
                 St. Louis, MO 63102
                 (314) 241-9090
                 (314) 241-4245 (FAX)

               *Attorneys for Plaintiff Huntleigh Securities Corporation*